IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| ROBERT WIGGINS, #291549 § | |
| § | |
| V. § | CIVIL ACTION NO. G-06-197 |
| § | |
| CORRECTIONAL MEDICAL SERV., § | |
| ET AL. § | |

## REPORT AND RECOMMENDATION

Plaintiff Robert Wiggins, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, complaining of deliberate indifference to his serious medical needs. Having reviewed Plaintiff's Complaint and Answers to Interrogatories, this Court makes the following recommendation to the District Court.

When a plaintiff seeks to proceed *in forma pauperis*, pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination of whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985),

*cert. denied*, 475 U.S. 1016 (1986).  In this case, Plaintiff, a prisoner at the Galveston County Jail, alleges that Defendants Dr. Youngblood and Correctional Medical Services and its employees were deliberately indifferent to his serious medical needs when they confiscated his medication, on November 23, 2005.  As a result, Plaintiff asserts that Defendants' "attitude and negligence" caused him to suffer pain, mental anguish, "made my bi-polar disorder worse and my nerves is shot." Plaintiff also complains that it took three months to see a dentist.  He seeks monetary damages.

In this case, Plaintiff complains that the confiscation of his free-world medication by Defendants constitutes negligence and deliberate indifference to his serious medical needs.  In order to prevail on a claim of inadequate medical care under the Eighth Amendment and 42 U.S.C. § 1983, a Plaintiff must establish deliberate indifference to his serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 105-107 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind.  *Estelle,* 429 U.S. at 105-06. The appropriate test for deliberate indifference is a subjective inquiry; the Plaintiff must establish that prison officials were actually aware of the risk, yet consciously disregarded it.  *Lawson v. Dallas County,* 286 F.3d 257, 262 (5th Cir. 2002). Disagreements with the type of medical treatment provided cannot support a claim under Section 1983, nor will negligence or medical malpractice.  Rather, the Plaintiff must demonstrate that the Defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard" for his serious medical needs.  *See Domino v. Texas v. Dep't. of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001)(quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Though given the opportunity to plead his best case, Plaintiff has wholly failed to show that he had a serious medical need; that he suffered any harm as a result of any Defendant's actions; or, that any Defendant deliberately ignored him in a deliberate attempt to cause him harm. A Court must afford a *pro se* Plaintiff a fair opportunity to plead his best case. In so doing, if, after that time a cause of action has not been established, the Court should dismiss the case. *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986). In the Court's Order for Answers to Interrogatories, Plaintiff was asked to state the name of the person who caused him harm; he stated, "Correctional Medical Services." When asked to state the name of the person who diagnosed his alleged harm or injury, and the date that the harm or injury was diagnosed, he responded, "n/a." Though he states that he filed a grievance with CMS and Washington, D.C., he failed to provide the Court with copies, stating only that they could be obtained from CMS if "they didn't throw them away...they do." Plaintiff has simply failed to offer one shred of evidence, other than his own conclusory statements, to demonstrate that Defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard" for his serious medical needs. *See Domino v. Texas v. Dep't. of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001)(quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). Conclusory allegations unsupported by any facts are insufficient to state an actionable claim under 42 U.S.C. §1983. *Davidson v. Georgia*, 622 F.2d 895 (5th Cir. 1980); *Rhodes v. Chapman*, 452 U.S. 337 (1981). Morever, Plaintiff has failed to show that he suffered any harm or physical injury as a result of any Defendant's actions, including an alleged delay in obtaining dental treatment. Delay in medical care to prisoners can constitute Eighth Amendment violations only if there has been deliberate indifference, which results in substantial harm. *Shapley v. Nevada Bd. of State Prison*

*Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). In this case, the Court can discern no harm or injury suffered by Plaintiff as a result of alleged deliberate indifference. Under the Prison Litigation Reform Act of 1995 and 42 U.S.C. § 1997e(e), recovery of monetary damages is barred absent a showing of a specific physical injury. Plaintiff has failed to set forth any facts, either in his Complaint or Answers to Interrogatories, which would support a cause of action cognizable under Section 1983.

For the foregoing reasons, it appears to this Court that Plaintiff's claims lack an arguable basis in law and fact and are frivolous. *See Neitzke v. Williams*, 490 U.S. 319 (1989). It is, therefore, the **RECOMMENDATION** of this Court that the above-styled case be **DISMISSED, with prejudice, as frivolous pursuant to 28 U.S.C. §1915(e)(2), and for failure to state a claim for which relief can be granted.**

The Clerk **SHALL** send a copy of this Report and Recommendation to the Plaintiff. Plaintiff **SHALL** have until **June 14, 2006,** in which to have written objections **physically on file** in the Office of the Clerk. The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ___31st___ day of May, 2006.

_____
John R. Froeschner
United States Magistrate Judge